IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, | No  C-06-3930 - VRW |
| Plaintiff, | ORDER |
| v | |
| WESTERN TRANSPORT, INC, ET AL | |
| Defendants. | |

This suit brought by the City and County of San Francisco arises out of a car accident allegedly caused by the negligent driving of Norman Smith, an employee of Western Transport, Inc. Notice Remov (Doc #1).  The accident injured Ms Curry, an employee of plaintiff to whom plaintiff paid benefits, and damaged one of plaintiff's vehicles.

Defendants removed the case from the superior court of San Francisco to this court on June 23, 2006, on the basis of diversity of citizenship.  Notice Remov (Doc #1).  Although there is no question as to diversity of citizenship, the parties contest

whether the $75,000 minimum amount-in-controversy requirement of 28 USC § 1332 is met.

        Plaintiff contends that the amount-in-controversy threshold of § 1332 is not met and thus remand is required pursuant to 8 USC § 1447(c).  Mot Remand (Doc #15).  Defendants oppose, attempting to demonstrate that, if plaintiff is successful, its damages will each exceed $75,000.  Def Opp (Doc #19).  The court finds this matter suitable for determination without oral argument, and, accordingly, the hearing scheduled for November 16, 2006, is VACATED.  See Civ L R 7-1(b).  For the reasons that follow, the court GRANTS the motion to remand.

I

        Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed.  28 U.S.C. § 1441(a).  Jurisdiction founded on 28 USC § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  <u>Sanchez v Monumental Life Ins Co</u>, 102 F3d 398, 403 (9th Cir 1996) (citing <u>Gaus v Miles, Inc</u>, 980 F2d 564, 566-67 (9th Cir 1992).  See also William W Schwarzer, et al, <u>Federal Civil Procedure Before Trial</u> ¶2:1093 (Rutter Group, 2005) ("Plaintiff's motion for remand effectively forces defendant -- the party who invoked the federal court's removal jurisdiction -- to prove by a preponderance of the evidence whatever is necessary to

support the petition").

To satisfy the preponderance of the evidence test for jurisdiction, defendants may rely upon facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Singer v State Farm Mut Auto Ins Co, 116 F3d 373, 377 (9th Cir 1997) (quoting Allen v R & H Oil & Gas Co, 63 F3d 1326, 1335-36 (5th Cir 1995)). Conclusory allegations as to the amount in controversy are insufficient. See Gaus, 980 F.2d at 567

II

To support removal, defendants rely on two sources of damages: (1) workers compensation benefits already paid to Ms Curry and (2) potential additional claims by Ms Curry. Doc #16.

The workers compensation benefits to Ms Curry — under which she has received $67,692.97 — do not independently satisfy the amount-in-controversy requirement. As a result, defendants attempt to portray this amount as increasing, citing two pieces of evidence: that the plaintiff recently transferred additional funds to Ms Curry and that Ms Curry's medical treatment included "shoulder surgery performed at a hospital under general anesthesia." Doc #19 at 6. Yet neither of these facts show that the sum will increase. The June 26, 2006, transfer to Ms Curry constitutes the *final* payment pursuant to her stipulated partial disability benefits. Metilzky decl, Ex E. And the surgery defendants reference occurred almost two years ago. Although past surgery raises the possibility of future medical treatment, it does not render such treatment more likely than not to occur — the

3

standard defendants must satisfy.

Because the workers compensation payments fall short of satisfying the amount-in-controversy, defendants resort to speculation, contending that potential additional claims by Ms Curry should supplement the damage amount. In support of this assertion, defendants correctly note that California Labor Code provides Ms Curry with a statutory right to intervene at any time before "trial on the facts." See Cal Labor Code § 3853. Moreover, defendants assert that prior to removal one of the plaintiff's attorneys indicated that Ms Curry intended to intervene. Vorobyov decl, Ex 2-4. But the fly in this ointment is that Ms Curry never actually intervened. Hence, defendants removed on the mere prospect of intervention, speculation that cannot carry the burden of establishing jurisdiction.

As a last resort, defendants complain that remand would be "manifestly unfair" because Ms Curry would retain a right to intervene but defendants would be unable to remove due to the one-year limit for removal based on diversity jurisdiction. Doc #19 at 10 (citing 28 USC § 1446(b)). The court first notes that some courts recognize "equitable exceptions" to the one-year deadline to prevent such a result. See Tedford v Warner-Lambert Co, 327 F3d 423, 426 (5th Cir 2003). But even if remand is unfair to defendants, such an argument is not suitable for this court. Congress adopted a one-year limit both to provide fair opportunity to pursue removal and minimize uncertainty as to when a defendant "ascertains" the cases is removable (and to avoid "eve of trial" removals). See William W Schwarzer, et al, Federal Civil Procedure Before Trial ¶2:960 (Rutter Group, 2005). Whether Congress

**4**

correctly balanced these competing interests is a policy decision that the court should not second guess.

### III

In sum, defendants' speculation as to the damage amount does not satisfy the removal statutes, which are to be construed restrictively, so as to limit removal jurisdiction. Gaus v Miles, Inc, 980 F2d 564, 566 (9th Cir 1992). Accordingly, the court GRANTS plaintiff's motion and REMANDS the case to San Francisco superior court. The clerk is DIRECTED to close the file and TERMINATE all motions.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge